# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**JOHNATHAN PAULMAN**                                                    **PLAINTIFF**
**ADC #156053**

V.                              NO. 2:21-cv-68-DPM-ERE

**D. JONES,** *et al*.                                                   **DEFENDANTS**

## ORDER

Pending before the Court is Defendants' motion to compel discovery. *Doc. 28*. In their motion, Defendants explain that Plaintiff Johnathan Paulman has failed to respond to their discovery requests or execute a release of his medical records. Although they have attempted to resolve this matter without Court intervention, Mr. Paulman has not responded to Defendants' May 10, 2022 good faith letter. Defendants ask the Court to order Mr. Paulman to respond to their discovery requests within 14 days. The Court grants, in part, Defendants' motion to compel Mr. Paulman to respond to their discovery requests. However, the Court denies Defendants' request to order Mr. Paulman to complete the medical release attached to their discovery requests.

### Legal Standard for Scope of Discovery

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, which governs the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

In keeping with this generous standard, parties are permitted to fully investigate the relevant facts to "gain an understanding of the key persons, relationships, and evidence in a case." *Sentis Group, Inc. v. Shell Oil Co.*, 763 F.3d 919, 926 (8th Cir. 2014). However, discovery must be proportional to the needs of the case. *Vallejo v. Amgen*, Inc., 903 F.3d 733, 742 (8th Cir. 2018) (quoting *Carr v. State Farm Mut. Auto. Ins., Co.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015) ("[A] court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit—and the court must do so even in the absence of a motion.").

**Defendants' Medical Release**

Defendants' medical release seeks "ALL" information and records concerning Mr. Paulman's physical and mental condition for the past fifteen years. In addition, the release authorizes Defendants to receive all of Mr. Paulman's medical information and makes no effort to limit the disclosure to medical information related to the excessive force claim raised in this case. For example, the release authorizes Defendants to obtain "any information related to sexually transmitted diseases, HIV or AIDS-related illnesses," a topic with no apparent relevance to the issues in this case. *Doc. 28-1 at 17-18*.

In his complaint, Mr. Paulman alleges that, on April 20, 2021, Defendants Jones, Miller, Spencer, and Robinson used excessive force against him. The scope of the medical request goes far beyond seeking arguably relevant discovery. The complained-of conduct occurred on one occasion in April 2021, but Defendants seek medical records *for the past 15 years*.[1] Furthermore, there are *no* allegations in this case regarding sexually transmitted diseases or many other matters within the scope of the medical release. The proposed medical release is overly broad, and no effort appears to have been made to tailor it to the issues in this case.

---

[1] The Court hereby puts Defendants and their counsel on notice that a fifteen-year period of time is presumptively disproportional to the needs of most prisoner civil rights litigation.

IT IS THEREFORE ORDERED THAT:

1.  Defendants' motion to compel discovery responses (*Doc. 28*) is GRANTED, in part, and DENIED, in part.

2.  Within 30 days,[2] Mr. Paulman must file his responses to the Defendants' outstanding discovery requests with the Court.[3] His failure to do so may result in the dismissal of this lawsuit, without prejudice. Local Rule 5.5(c).

3.  With regard to the execution of the medical release, the Defendants' motion is DENIED. If Mr. Paulman responds to this Court's Order and timely files his responses to the discovery requests at issue, Defendants are instructed to send Mr. Paulman, through the written discovery process, a proposed medical release seeking information that is relevant to the claims and defenses in this case and for a reasonable time period. Mr. Paulman will then have thirty (30) days to either object or to execute the proposed medical release.

4.  The discovery and dispositive motion deadlines are stayed at this time.[4]

---

[2] In their motion, Defendants request that the Court order Mr. Paulman to file his discovery responses within 14 days. Because only 14 days have passed since Defendants sent Mr. Paulman their good faith letter, the Court will provide Mr. Paulman 30 days to file his discovery responses with the Court.

[3] By filing the responses with the Court, Mr. Paulman will automatically provide the responses to opposing counsel. This will also avoid any dispute about whether in fact Mr. Paulman has provided the written discovery responses to the defense.

[4] The Court previously set a discovery deadline of June 15, 2022, and a dispositive deadline of July 15, 2022. *Doc. 25*.

Dated this 24th day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE